## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BAC HOME LOANS SERVICING,**

        **Plaintiff,**

**v.**                                          **Case No:   6:16-cv-314-Orl-40GJK**

**CLAIRESE CLAUDET, et. al.,**

        **Defendants.**

_____

### REPORT AND RECOMMENDATION

      This cause came on for consideration without oral argument on the following motion filed herein:

| |
|---|
| **MOTION:**    **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)**<br><br>**FILED:**    **February 22, 2016** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the case be remanded**. |

## I.    BACKGROUND.

      On February 22, 2016, Clairese Claudet (the "Defendant") filed a Notice of Removal, pursuant to 28 U.S.C. §§ 1443 and 1452, seeking to remove a state court foreclosure action filed against her in Florida's Ninth Judicial Circuit Court in and for Osceola County Florida.   Doc. No. 1.   In the Notice of Removal, the Defendant provides the case number of the state foreclosure action, but fails to attach "a copy of all process, pleadings, and orders served upon" the Defendant as required by 28 U.S.C. § 1446(a).   Doc. No. 1; 28 U.S.C. § 1446(a) (notice of removal

requirements).   However, the undersigned has reviewed the docket of the state action and takes judicial notice of the fact that the summons and complaint therein were served on the Defendant on August 31, 2009.   *See BAC Home Loans Servicing, LP v. Claudet*, No. 2009 CA 008627 MF (Fla. 9th Cir. Ct. Oct. 5, 2009).   Therefore, more than six years after being served with the summons and complaint in the state court action, Defendant has now removed this action to the District Court on the basis of 28 U.S.C. §§ 1443 and 1452.   Now before the Court is Defendant's motion to proceed *in forma pauperis* (the "Motion").   Doc. No. 4.

## II.   APPLICABLE LAW.

### A.   The Statute and Local Rules.

When a party files a civil action and moves to proceed *in forma pauperis*, 28 U.S.C. § 1915 directs the district court to review and dismiss a complaint when it determines the action is frivolous, malicious or fails to state a claim upon which relief can be granted.[1]   This statutory language is mandatory and applies to all proceedings *in forma pauperis*.   *See Boyington v. Geo Group, Inc.*, No. 2:09-cv-570-FtM-29SPC, 2009 WL 3157642 (M.D. Fla. 2009) (recognizing that review under 28 U.S.C. § 1915 applies to non-prisoner complaints).[2]

---

[1]   28 U.S.C. § 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> > (A)   the allegation of poverty is untrue; or
> > (B)   the action or appeal --
> > > (i)   is frivolous or malicious;
> > > (ii) fails to state a claim on which relief may be granted; or
> > > (iii)   seeks monetary relief against a defendant who is immune from such relief.

*Id.*

[2]   Similarly, a party may not take an appeal *in forma pauperis* if the district court certifies, in writing, that it is not taken in good faith.   28 U.S.C. § 1915(a)(3).

Local Rule 4.07(a) also governs proceedings *in forma pauperis* and provides that the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to an involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district court. *Id.* The district court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### B.    Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous. *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).[3] The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga. 1974). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### C.    28 U.S.C. § 1446(b) and (c).

Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within:

> 30 days after the receipt by the defendant, through service or
> otherwise, of a copy of the initial pleading setting forth the claim for

---

[3] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

> relief upon which such action or proceeding is based, or within 30 days after service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

*Id.* Thus, a defendant must remove an action within 30 days of receiving the complaint through service or otherwise. *Id.* Pursuant to 28 U.S.C. § 1446(c)(1), a case may not be removed on the basis of diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* Thus, absent a finding of bad faith, a case may not be removed on the basis of diversity jurisdiction more than a year after it is commenced. *Id.*

"Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand." *CSDVRS, LLC v. Purple Communications, Inc.*, 979 F. Supp. 2d 1302, 1305 (M.D. Fla. 2013) (citing *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)). The removing party bears the burden of demonstrating that removal is proper. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Under 28 U.S.C. § 1447(c), a court may remand an action . . . based upon any defect in the removal procedure, including an untimely filed notice of removal." *Jonson v. USAA Cas. Ins. Co.*, 900 F. Supp. 2d 1310, 1312 (M.D. Fla. 2012).

**D.    28 U.S.C. § 1443.**

Section 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> **(1)** Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

> **(2)** For any act under color of authority derived from any law
> providing for equal rights, or for refusing to do any act on the
> ground that it would be inconsistent with such law.

28 U.S.C. § 1443.   In *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001), the Eleventh

Circuit Court of Appeals explained the requirements for removal under Section 1443(1):

> In relevant part, 28 U.S.C. § 1443(1) permits a defendant in a civil
> state court action to remove the action to federal district court if the
> action is against a person who is denied or cannot enforce in the state
> courts "a right under any law providing for equal civil rights of
> citizens of the United States."   In *Georgia v. Rachel,* the United
> States Supreme Court articulated the two-prong test which a
> removal petition filed pursuant to § 1443(1) must satisfy.   First, the
> petitioner must show that the right upon which the petitioner relies
> arises under a federal law "providing for specific civil rights stated
> in terms of racial equality."   *Georgia v. Rachel,* 384 U.S. 780, 792,
> 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966).   Second, the petitioner must
> show that he has been denied or cannot enforce that right in the state
> courts.   *Id.* at 794, 86 S.Ct. 1783.

*Conley*, 245 F.3d at 1295.   Thus, in order to remove under Section 1443(1), the defendant must

show that the right relied upon is a federal civil right stated in terms of racial equality, which is

denied or otherwise unenforceable in the state courts.   *Id.*   Section 1443(2), applies only to

federal officers, actors or their agents.   *Marcus v. Galvez*, 522 F. App'x 878, 880 (11th Cir. July

5, 2013) (unpublished and citations omitted).[4]

## III.   **ANALYSIS.**

    As set forth above, Defendant's Notice of Removal fails to comply with the general

requirements of 28 U.S.C. § 1446(a) because Defendant failed to attach "a copy of all process,

pleadings, and orders served upon" the Defendant to the Notice of Removal.   Doc. No. 1; 28

U.S.C. § 1446(a).   While Defendant failed to attach a copy of the same, the undersigned's review

---

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.   *See* 11th Cir. R. 36-2.

of the state court's docket reveals that the complaint at issue was filed and served on the Defendant over six years prior to the Defendant filing the Notice of Removal. *See supra* pp. 1-2. Pursuant to 28 U.S.C. §§ 1446(b) and (c)(1), the time for Defendant to remove this action has long since expired and, therefore, the Notice of Removal is untimely. *See Harris Corp v. Kollsman, Inc.*, 97 F. Supp. 2d 1148, 1151 (M.D. Fla. 2000) (absent a finding of waiver or estoppel, federal courts rigorously enforce the 30 day filing requirement). Moreover, to the extent Defendant seeks removal on the basis of 28 U.S.C. § 1443, the Notice of Removal does not allege that the Defendant is being denied a federal civil right on the basis of race or in terms of racial equality. Doc. No. 1 at 1-15. Rather, the Defendant argues that Florida's foreclosure laws generally violate the federal due process rights of all property owners in the state. *Id.* Such claims or defenses are not removable under 28 U.S.C. § 1443(1). *See Central Mortgage Co. v. Laskos*, 561 F. App'x 827, 829 (11th Cir. Mar. 31, 2014) (unpublished) ("Broad allegations under constitutional provisions such as the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all . . . citizens, rather than in the specific language of racial equality that § 1443 demands.") (internal quotations omitted).[5]

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Motion (Doc. No. 2);

2. **DENY** all pending motions as moot;

3. **REMAND** the case; and

4. Direct the Clerk to close the case.

---

[5] To the extent Defendant is requesting some form of relief in or challenging the rulings of the Bankruptcy Court in 6:15-cv-bk-04015-KSJ, Defendant should pursue relief therein under the Federal Rules of Bankruptcy Procedure and/or under 28 U.S.C. § 158.

# <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 13, 2016.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy